Case: 1:24−mj−00104
Assigned To : Harvey, G. Michael
Assign. Date : 3/21/2024
Description: Complaint W/ Arrest Warrant

**STATEMENT OF FACTS**

On March 20, 2024, at approximately 11:53 am, a Metropolitan Police Department (MPD) Sixth District Officer was traveling on the 3900 block of Dix Street, NE, when she heard gunfire and noticed two individuals fighting in the parking lot of the McDonalds at 3901 Minnesota Avenue, NE, Washington, DC. The Officer immediately called for additional units. The Officer further advised that the Suspect had a gun and that the Complainant appeared to be suffering from a gunshot wound.

The Complainant sustained one gunshot wound to the left abdomen which exited out his back. The Complainant was hospitalized.

Video surveillance from the McDonalds parking lot shows the Complainant and the Suspect having a conversation and then beginning to fight on the ground. MPD Detectives did not observe the firearm discharge on the video. The video did show a black object—which appeared to the Detectives to be a semi-automatic firearm—dropped from the Suspect's hand during the fight, and W-1 is observed quickly securing the object. The video shows the Suspect then fleeing the scene, headed towards Clay Street.

Upon the Suspect's fleeing of the scene, he was seen entering a black Hyundai Elantra. Pursued by Sixth District Officers and others, with use of FALCON, the MPD Air Support Unit, the black Hyundai Elantra was stopped at 1805 Bladensburg Road NE. The Suspect was driving the Elantra and was arrested, and identified as TRAQUON McCALIP. McCALIP had a graze wound to his left hand, for which he was then taken to receive treatment. There was also a female occupant, W-2, of the Elantra.

A 15-round capacity magazine, observed in plain view, was recovered from the driver's seat of the Elantra. The magazine contained (10) 9mm hollow point live rounds, along with a 9mm loose live round.

The Complainant was interviewed. The Complainant explained that he was in the parking lot selling individual cigarettes when the Suspect (whom he did not know) approached him requesting cigarettes. The Complainant stated the Suspect attempted to take his bag from his person, they began to fight, and the Suspect pulled a firearm from his pants and shot him.

W-1 was interviewed. W-1 was inside of the McDonalds when W-1 heard a gunshot from outside of the restaurant. W-1 stated that W-1 observed the Complainant and the Suspect fighting and observed a firearm drop from the Suspect's hand. W-1 then quickly ran towards the firearm to secure it. The firearm W-1 secured was recovered by law enforcement, and it was identified as a 9mm Canik TP9SF Elite handgun, with a serial number of T6472-20 BH 22955. One spent shell casing was recovered from the firearm where it was jammed, and one spent casing was recovered from the parking lot of 3901 Minnesota Avenue NE.

W-1 also participated in a show-up and identified MCCALIP as the Suspect at approximately 12:34 pm.

W-2 was interviewed. W-2 stated that W-2 was intimately involved with MCCALIP and that they had driven to the McDonald's parking lot. W-2 advised that MCCALIP told her that he would be right back and exited the driver's door of the car. W-2 denied hearing gunfire. W-2 indicated she started to see people running and heard the police say stop, so she called the Suspect but he ran to her vehicle, entered the driver's seat, and said that he was shot. Moments later, they drove out of the parking lot, followed by the police. W-2 told McCALIP to stop the car, but he wouldn't listen.

A criminal records check reveals that McCALIP was previously convicted of Possession of a Regulated Firearm by a Person Under the Age of 21 in the Circuit Court for Prince George's County Maryland, in violation of PS § 5-133(d) of the Annotated Code of Maryland, in case number CT220616X. A review of the certified record for this conviction shows that on November 1, 2022, McCALIP, with the assistance of counsel, pled guilty to this offense. He was then sentenced to a period of 5 years incarceration with all but 211 days suspended (credit for time served) and 5 years of supervised probation. A violation of PS § 5-133(d) carries a maximum penalty of 5 years imprisonment. A copy of the probation supervision order further indicates that McCALIP acknowledged his understanding of his offense of conviction, his resulting sentence, and the conditions of probation via his signature. Therefore, McCALIP would have been aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by a term of imprisonment of more than one year.

Based on my knowledge, training, and experience, I know that there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

Based on the foregoing, I submit that there is probable cause to believe that McCALIP violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition that has been shipped or transported in interstate or foreign commerce. I also submit that there is also probable cause that McCALIP violated § 22–402 of the Code of the District of Columbia, which makes it a crime to commit an Assault with a Dangerous Weapon.

_____
SPECIAL AGENT JAMES MORAN
FEDERAL BUREAU OF INVESTIGATION

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 21st day of March, 2024.*

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE